UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

REMOI CAMPBELL,

    Plaintiff,

v.                                      Case No. 1:24cv167-AW-HTC

CORRECTIONAL OFFICER L. GAUDIN,

    Defendant.

_____/

ORDER AND
REPORT AND RECOMMENDATION

Plaintiff Remoi Campbell, proceeding *pro se*, initiated this action by submitting a Civil Rights Complaint Form purporting to allege claims under 42 U.S.C. § 1983. Doc. 1. Plaintiff also submitted an incomplete motion to proceed *in forma pauperis*. Doc. 2. Although venue is not proper in this District, the undersigned recommends the action be dismissed rather than transferred for several independent reasons. First, Plaintiff's claims are frivolous and subject to dismissal under 28 U.S.C. § 1915A(b)(1). Second, Plaintiff has not paid the $405.00 filing fee and is a three-striker who fails to allege imminent danger. *See* 28 U.S.C. § 1915(g). Third, Plaintiff's complaint is malicious because he failed to truthfully disclose his litigation history on the complaint form. *See* 28 U.S.C. § 1915A(b)(1). Also, because Plaintiff is a three-striker who cannot proceed *in forma pauperis*, his motion to proceed *in forma pauperis* is DENIED.

**I.     Venue**

A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Here, Plaintiff is a prisoner at Florida State Prison ("FSP") suing L. Gaudin, a correctional officer at FSP, alleging Gaudin is Plaintiff's "lover" and "this is an application for marriage certification."  Doc. 1.  Plaintiff goes on to ask, "Gaudin is a girl aint it?" and states he is "teaming up with Officer Gaudin to have a better shot of breaking out of prison."  The remainder of his "statement of facts" appears to have nothing to do with Gaudin, and instead includes statements about being falsely arrested by the Fort Myers Police Department in 2016 and why he filed this suit in the Northern District of Florida.

In his "statement of claims," Plaintiff asserts his Eighth Amendment rights are "being violated because prisoners dont have the freedom of peace of mind to live a

life free of prison rules and sometimes subjects them to harsh conditions." As relief, Plaintiff seeks release from prison.

Based on the foregoing, venue is not proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff has not alleged Gaudin resides in the Northern District of Florida, none of the events or omissions giving rise to any purported claim arose in this District, and there is no "substantial part of property that is the subject of the action" situated in this District. And Plaintiff himself seems to recognize that he cannot file in this District. *See* Doc. 1 at 6 ("Yes I am in the middle district toying my chances, I never gave up and maybe one day I'll find treasures. But the northern district also resides within the Jurisdictional territory of the great state of Florida so I'll jab my way to an opportunity for an upper cut."). While the Court could transfer the case under 28 U.S.C. § 1406, for the reasons set forth below, any transfer would waste judicial resources and not be in the interest of justice; the undersigned therefore recommends dismissal. *See* 28 U.S.C. § 1406(a) (noting courts should dismiss a case filed in the wrong venue, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

## II.     Plaintiff's Complaint is Frivolous

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, *et seq.*, when a prisoner seeks relief against a governmental entity, officer, or employee, the Court shall review the complaint "before docketing, if feasible or, in any event, as

soon as practicable after docketing," and shall dismiss the complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *see also,* 28 U.S.C. § 1915(e)(2)(B) (applying same requirement to cases filed by a plaintiff seeking *in forma pauperis* status). This screening, "sometimes referred to as a frivolity review," vests district courts "with broad discretion in determining whether to dismiss an action as frivolous or malicious ... ." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (addressing frivolity review in *in forma pauperis* ("IFP") proceedings)). A frivolous action under the PLRA is one that is lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

It is clear Plaintiff's complaint is frivolous – he wants to marry the defendant correctional officer so he can have a better life. Such allegations are "irrational and wholly incredible." *Gary v. U.S. Government*, 540 F. App'x 916, 916, 918 (11th Cir. 2013) (per curiam) (affirming dismissal of complaint as frivolous because plaintiff's allegations that "high-level government officials ... implanted microchips into her body that caused tumors and tissue damage" and that the "microchips were used to conduct biomedical research regarding her reproductive system, to track her

movements, and to cause her pain" "were irrational and wholly incredible"). Plaintiff has stated no facts to support an Eighth Amendment claim, and his claim that he was falsely arrested in 2016 likewise lacks any supporting facts and is barred by the applicable statute of limitations. *See Frank v. Bush*, 2010 WL 1408405, at *5 (D. Kan. Apr. 2, 2010) (dismissing plaintiff's complaint as insubstantial, implausible and frivolous where plaintiff alleged no facts which would lend plausibility to his claim); *Henyard v. Secretary, DOC*, 543 F.3d 644, 647 (11th Cir. 2008) ("a § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations"). And to the extent he seeks to be released from prison, he must file a habeas action, not a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (noting that in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Court held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983).

Indeed, this is not the first time Plaintiff has filed a frivolous action. Notably, in a previous case filed by Plaintiff, the court recognized that Plaintiff—himself— conceded he is "barred from proceeding pro se in federal court because [his] efforts can be summed up as the non-sensical musing of life." *Campbell v. L. Gaudin*, No. 3:24-cv-844-TJC-PDB, Doc. 3 (M.D. Fla. Aug. 26, 2024). This action should be DISMISSED WITHOUT PREJUDICE as frivolous.

Case No. 1:24cv167-AW-HTC

### III. Plaintiff is a Three-Striker

As a second and independent ground for dismissal, Plaintiff is a three-striker who failed to pay the filing fee when he initiated this action and who has not shown he is in imminent danger of serious physical injury.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is a three-striker. Indeed, in August 2024, the Middle District of Florida dismissed a complaint filed by Plaintiff because of his three-striker status. *See Gaudin*, No. 3:24-cv-844-TJC-PDB, Doc. 3 (M.D. Fla. Aug. 26, 2024). In *Gaudin*, the court took judicial notice that Plaintiff has had at least three other cases dismissed for failure to state a claim or as frivolous and identified the following cases: *Campbell v. State of Florida, et al.*, No. 2:23-cv-548-JLB-NPM, Doc. 6 (M.D. Fla. Aug. 9, 2023) (dismissed for failure to state a claim, and including same purported 2016 false arrest allegation); *Campbell v. GEICO Ins. Co.*, No. 2:23-cv-771-SPC-KCD, Doc. 4 (M.D. Fla. Sept. 26, 2023) (dismissed as frivolous); *Campbell v. Internal Revenue Service*, No. 2:23-cv-878-JES-KCD, Doc. 5 (M.D. Fla. Oct. 16, 2023) (dismissed as frivolous); *Campbell v. Doggett, et al.*, No. 2:23-cv-1084-JLB-KCD, Doc. 5 (M.D. Fla. Dec. 5, 2023) (dismissed under § 1915 and as frivolous).

Given the nature of Plaintiff's allegations, as discussed above, Plaintiff has clearly not shown he is in "imminent danger" of serious physical harm.

### IV. Plaintiff Failed to Disclose Litigation History

Finally, Plaintiff has failed to truthfully disclose his litigation history—which constitutes another independent basis for dismissal. Subsection A of section VIII of the complaint form asks whether Plaintiff has "had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" In response to this question, Plaintiff

did not list any cases. As discussed above, however, Plaintiff has had at least three cases dismissed for a reason qualifying as a strike under the PLRA.

Plaintiff was also asked on the complaint form whether he had filed any other lawsuit in federal court either challenging his conviction or otherwise relating to the conditions of the confinement. Plaintiff, however, did not identify any cases. The court takes judicial notice that Plaintiff has filed more than a dozen other cases as a prisoner, many of which relate to the conditions of his confinement or challenge his conviction. *See e.g.*, *Campbell v. Florida*, No. 2:23-cv-548-JLB-NPM (M.D. Fla.); *Campbell v. Doggett*, No. 2:23-cv-1084-JLB-KCD (M.D. Fla.); *Campbell v. Fla. Dep't of Corr.*, No. 2:23-cv-671-JLB-NPM (M.D. Fla.). Despite Plaintiff's failure to accurately disclose his litigation history, he signed the complaint under penalty of perjury.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards—namely, veracity. This Court will not tolerate false responses or statements in any pleading or motion as such responses threaten the quality of justice. Without a penalty, Plaintiff would have little disincentive for further malfeasance. An appropriate sanction for Plaintiff's dishonesty is dismissal without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v.*

*Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").

As another judge from this District stated in a similar ruling, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020). Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis*, Doc. 2, is DENIED.

Case No. 1:24cv167-AW-HTC

And it is also RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as frivolous under 28 U.S.C. § 1915A(b)(1), because Plaintiff is a three-striker who failed to allege imminent danger under 28 U.S.C. § 1915(g), and as malicious under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process by failing to truthfully disclose his litigation history.

2. That the clerk close the file.

At Pensacola, Florida, this 4th day of October, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.